UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance** with D.N.J. LBR. 9004-1(b)

Vivian M. Arias, Esq.
Holland & Knight LLP
787 Seventh Avenue, 31st Floor
New York, NY  10019
Phone: 212.751.3171
Facsimile: 212.880.3290
Email: vivian.arias@hklaw.com

*Attorneys for Wilmington Trust, National Association as Trustee on Behalf of the Registered Holders of Benchmark 2021-B31 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2021-B31 Certificates  and the Uncertificated VRR Interest Holders*

In re:

CHASSEUR REALTY INVESTORS-JACKSON, LLC,

Debtor.

Case No. 26-17694-jnp Chapter:

11

Judge: Jerrold N. Poslusny, Jr.

## EXPEDITED MOTION FOR RECONSIDERATION REGARDING THE COURT'S ORDER GRANTING THE DEBTOR'S APPLICATION FOR AN ORDER SHORTENING TIME [DKT NO. 15]

TO:    HONORABLE JEROLD N. POSLUSNY,
       UNITED STATES BANKRUPTCY JUDGE:

Wilmington Trust, National Association as Trustee on Behalf of the Registered Holders of

Benchmark 2021-B31 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2021-

B31 Certificates  and the Uncertificated VRR Interest Holders (the "Secured Noteholder"), as and for

its expedited motion to reconsider the Court's order granting the Debtor's application for shortened

notice (the "Application for Shortened Notice") [Dkt. No. 15] on a hearing on the Debtor's *Expedited*

*Motion Seeking Entry Of An Order Under 11 U.S.C. § 363(a), (b), (f) and (m) and 365, And Federal*

*Rules Of Bankruptcy Procedure 2002 And 6004, And L.B.R. 6004-1: (I) Authorizing The Assumption*

1

*Of Purchase Agreement Pursuant To Section 365 Of The Bankruptcy Code; (II) Authorizing The Debtor To Sell Property Known As The Fondren Hill Apartments By Private Sale; (III) Scheduling A Hearing To Approve Private Sale; And (IV) Approving The Manner And Extent Of Notice Of Hearing* [Dkt. No. 13] (the "Sale Motion"), respectfully represents:

1.      This is a single asset real estate case, where the Debtor's sole asset is a 96-unit apartment building located in Jackson, Mississippi, and where the Debtor is currently a defendant in an action commenced against it in Mississippi state court (the "Mississippi Action") by the Proposed Purchaser (as hereafter defined). [1]

2.      The Debtor put the proverbial cart before the horse asking the Court to schedule an expedited hearing on the Sale Motion before the Debtor has even filed its schedules of assets and liabilities and statement of financial affairs, before the initial § 341 meeting of creditors and before the Debtor has even filed a motion seeking the use of cash collateral in this case.

3.      The Debtor filed its Application for Shortened Notice just before the close of business on July 14, 2026.  [Dkt. No. 14].  At approximately noon the following day, an associate of Holland & Knight LLP, counsel for the Secured Noteholder, called Your Honor's Courtroom Deputy and left a voicemail stating that the Secured Noteholder would be filing an objection to the Motion.  (*Id.* at ¶ 4).  Shortly thereafter, the Court entered an order scheduling a hearing on the Sale Motion on six days' notice.  [Dkt. No. 15].

4.      The Application for Shortened Notice should have been denied for numerous reasons. The Debtor asserts that an expedited hearing is necessary because the Debtor doesn't want to potentially "lose" the sale of the Property to the Proposed Purchaser pursuant to a pre-petition purchase and sale agreement (the "Purchase and Sale Agreement").  However, less than a month before Petition Date (as hereafter defined), the Proposed Purchaser commenced the Mississippi

---

[1] A copy of the complaint in the Mississippi is annexed to the Sale Motion as Exhibit F.

#541661644_v1 527548.00363

Action, which seeks a judgment of specific performance requiring the Debtor to close upon the sale of the Property pursuant to the Purchase and Sale Agreement that the Debtor now asks this Court to approve.  Clearly, when filing the complaint in the Mississippi Action (Ex. F to the Sale Motion), the Proposed Purchaser could not have imagined that it would be able to obtain a judgment of specific performance within a matter of weeks.  Hence, the Debtor's contention that the Proposed Purchaser could walk away and the Debtor could lose the sale in the absence of an expedited hearing on the Sale Motion is not credible.  Moreover, Bankruptcy Code § 108(b)(b)(2) grants a debtor a 60-day extension of the time to cure and close upon an executory contract to purchase property.  This would also prevent the Proposed Purchaser from walking away.

5.      Last, but not certainly not least, the Debtor has little if any connection to this district, and the Secured Noteholder will be filing a motion this week seeking to transfer venue of this single asset real estate case to the Southern District of Mississippi, which is where the Property is located, where the Debtor's tenants whose leases are to be assumed and assigned are located, and where the Mississippi Action is pending.  The filing of the Debtor's Chapter 11 petition in this district cuts against the deeply entrenched case law that matters regarding the ownership of real estate are of a peculiar nature which should be determined by a court in the jurisdiction where the property is located.

6.      Accordingly, the Court should reconsider and vacate its order granting the Debtor's request for a hearing on the Sale Motion on shortened notice.

## Facts

7.      On July 2, 2026 (the "Petition Date"), the Debtor filed its Chapter 11 petition before this Court.  [Dkt No. 1]

8.      As reflected in the Debtor's corrected Chapter 11 petition, this is a single asset real estate case under Bankruptcy Code § 101(51B).  [Dkt. No. 6].

#541661644_v1 527548.00363

9. The Debtor's sole asset is the real property and improvements located at 770 Lakeland Drive, Jackson, Mississippi (the "Property"), which is a 96-unit apartment building. (Sale Motion at ¶ 96; Corrected Petition at 2).

10. As acknowledged by the Debtor in the Sale Motion, the Property is encumbered by a first deed of trust and assignment of leases and rents held by the Secured Noteholder, which secures a pre-petition loan made to the Debtor by the Secured Noteholder's predecessor. (Sale Motion at ¶¶ 8-9).

11. The Secured Noteholder asserts that, as of the Petition Date, it is owed in excess of $10,423,703.94, net of escrows and reserves.

12. The Debtor has not filed, *inter alia*, its schedules of assets and liabilities, statement of financial affairs and statement of ownership in this case.

13. Accordingly, on July 2, 2026, the Court entered an order to show cause as to why this case should not be dismissed based upon the Debtor's failure to file required documents. [Dkt. No. 4].

14. The Debtor has not filed a motion seeking the use of cash collateral in this case.

15. The § 341 meeting of creditors has not yet occurred, and is scheduled for August 3, 2026. [Dkt. No. 7].

16. The initial case conference is this case has not yet occurred and is scheduled for September 3, 2026. [Dkt. No. 10].

**The Purchase And Sale Agreement**

17. Prior to the Petition Date, on or about January 14, 2026, the Debtor entered into the Purchase and Sale Agreement to sell the Property to Massie Road Development, L.L.C. (the "Proposed Purchaser"), which agreement was amended on several occasions, with the most recent amendment being May 27, 2026, according to the Sale Motion. The purchase price of the sale is

4

$9,700,000.  The Purchase and Sale Agreement is annexed to the Sale Motion as Exhibit C.

18.      However, the purchase price was insufficient to pay off the Loan, and the sale pursuant to the Purchase and Sale Agreement did not close prior to the Petition Date.

19.      On June 15, 2026, the Proposed Purchaser commenced the Mississippi Action against the Debtor and others including the Secured Noteholder and its special servicer Rialto Capital Advisors, LLC, seeking specific performance requiring the closing of the Property under the Purchase and Sale Agreement.

**The Forthcoming Motion To Transfer Venue In This Single Asset Real Estate Case**

20.      Notwithstanding that the Property is located Mississippi, the Debtor's tenants, whose leases need to be assigned to the Proposed Purchaser under the Purchase and Sale Agreement  are located in Mississippi, the Mississippi Action is pending before the Mississippi State Court, the Purchaser is a Mississippi limited liability company whose principal address is located in Jackson, Mississippi (*see* Exhibit 1 annexed hereto) , and the local action doctrine provides that local real estate disputes should be determined by a Court where the real property is located, the Debtor nonetheless engaged in forum shopping and filed its Chapter 11 petition in New Jersey.[2]

21.      Moreover, the mailing matrix filed by the Debtor in this case lists nine creditors, not including the Secured Noteholder and insiders.  None of the creditors listed in the matrix are located in New Jersey and six of the creditors are located in Mississippi.  [Dkt. No. 3].

22.      By contrast, the Debtor's connections to New Jersey are scant.  While the Debtor is a

---

[2] The Debtor's principal who signed its Chapter 11 petition in this case, Robert M. Dominy, Jr.  knows that single asset real estate debtors can file their Chapter 11 petition in the jurisdiction where their property is located, because Mr. Dominy signed two bankruptcy petitions for Chasseur Realty Investors – The Drake, LP, which was a New Jersey limited partnership whose asset was located in the Western District of Texas, and which Chapter 11 petitions were filed in the Western District of Texas.  Perhaps the reason why Mr. Dominy chose not to file the Debtor's Chapter 11 petition in Mississippi, which is also in the Fifth Circuit, is because the Texas bankruptcy court in the Chasseur Realty Investors – The Drake, LP bankruptcy cases dismissed both Chapter 11 cases as having been filed in bad faith, and the Court sanctioned the debtor's counsel in one of the bankruptcy cases. *In re Chasseur Realty Investors – The Drake, LP*, Case No. 5:2025bk51776 (Bankr, W.D.Tex. 2025) at [Dkt. Nos. 15, 21];  *In re Chasseur Realty Investors – The Drake, LP*, Case No. 5:2025bk52373 (Bankr, W.D.Tex. 2025) at [Dkt. No.45].

#541661644_v1 527548.00363

New Jersey limited liability company, its managing member Chasseur Realty Investors, LLC is a Maryland limited liability company, whose principal office according to the Maryland Secretary of State is located in Maryland.  *See* Exhibit 2 annexed hereto.   Indeed, the New Jersey principal place of business listed in the Debtor's Chapter 11 petition is a residence.  Based upon the foregoing, the debtor will be unable to rebut the presumption in single asset real estate cases that the case should be heard in the district where the debtor's property is located. *See, e.g., In re Element, DST*, 2026 WL 1335927, at *3-5 (Bankr. D. Del. 2026) (granting a motion to transfer venue because it was a single-asset real estate case where the property sat in another jurisdiction and the opposing party failed to carry its burden to show that any special circumstances weighed against the transfer); see also *In re Rehoboth Hospitality, LP*, 2011 WL 5024267, at *5, *8 (Bankr. D. Del. 2011) (noting that in a single asset case the location of the property is of particular concern "especially in the event of a potential liquidation" and granting the motion to transfer venue).

23.    Accordingly, the Secured Noteholder will be filing a motion this week to transfer venue of this case to the United States Bankruptcy Court for the Southern District of Mississippi.

### The Sale Motion

24.    Just before the close of business on July 14, 2026, the Debtor filed the Sale Motion and Application for Shortened Notice.

25.    The Sale Motion seeks court approval of a private sale of the Property to the Proposed Purchaser pursuant to the Purchase and Sale Agreement, which the Debtor seeks to assume, along with the assumption and assignment of the leases of the Debtor's Mississippi tenants.  The Sale Motion also seeks to eliminate the Secured Noteholder's credit bid rights under Bankruptcy Code § 363(k), nor does it provide a mechanism for the submission of higher and better offers. (Sale Motion at ¶ 53(E)).

26.    The proposed sale would not result in the payment of the Secured Noteholder's claim

in full, nor would it leave any funds available for the payment of unsecured creditors.

27.     The Debtor asserts that a sale free and clear is appropriate under Bankruptcy Code §
363(f)(4) which allows for a free and clear sale when a secured creditor's "interest is in bona fide
dispute."  However, § 363(f)(4) is only applicable where the validity of the creditor's interest in the
property is in dispute, and not where the sole dispute is the amount of the secured creditor's claim.
A Debtor cannot simply assert that there is a "bona fide dispute" within the meaning of § 363(f)(4)
by declaring that the amount of the secured creditor's claim is in dispute.  *In re Revel AC, Inc.*, 802
F.3d 558, 573 (3d Cir. 2015) ("'Bona fide dispute' in the § 363(f)(4) context means there is an
objective basis – in either law or fact – to cast doubt on the validity of" the interest.)

28.     Along with the Sale Motion, the Debtor filed the Application for Shortened Notice.

**The Court Should Reconsider its Order Granting the Application for Shortened Notice**

29.     The Court should reconsider its order granting the Application for Shortened Notice
because its decision will result in manifest injustice.

30.     The traditional bases for reconsideration include, among other things, the need to
prevent manifest injustice.  *See, e.g., In re Bernadin*, 610 B.R. 787, 792 (Bankr. E.D. Pa. 2019) (listing
the bases for reconsideration).

31.     "[C]ourt[s] possess[] 'inherent power' over [their] interlocutory orders 'and can
reconsider them when it is consonant with justice do so.'" *Id.* at 792 (quoting *In re Energy Future
Holdings Corp.*, 904 F.3d 298, 310 (3d. Cir. 2018)).

32.     Here, there would be manifest injustice if the Court does not reconsider its order
granting the Application for Shortened Notice.

33.     First, the Debtor filed its Application for Shortened Notice just before the close of
business on July 14, 2026.  While the Sale Motion says it was served on the Debtor's secured creditors
(Sale Motion at ¶ 71), neither the Application for Shortened Notice nor the Sale Motion was served

7

upon the Secured Noteholder prior to the Court issuing its order granting the Application for Shortened Notice, nor did the Debtor file a proof of service. On the morning of July 15, 2026, counsel for the Secured Noteholder called the Courtroom Deputy and left a message stating the Secured Noteholder's intent to oppose the Application for Shortened Notice, and noting that the Secured Noteholder would be filing an objection to the Application for Shortened Notice. (Exhibit 3, Declaration of Miranda P. Wheeler, annexed hereto, at ¶ 3). Shortly after the Secured Noteholder called the Courtroom Deputy, the Court issued an order granting the Debtor's Application for Shortened Notice. (*Id.* at ¶ 4).

34. Second, and relatedly, due process considerations are inconsistent with an expedited hearing on the facts before the Court. Under Bankruptcy Rule 2002, a sale motion and notice of hearing thereon is required to be served upon all creditors. Likewise, if the Debtor is seeking to assume and assign its tenant leases it will need to provide notice of such requested assumption and assignment to tenants. Here, the Debtor has not yet filed even the most rudimentary bankruptcy documents, such as the schedules of assets and liabilities and list of unexpired leases.

35. Third, the Debtor has failed to establish legitimate grounds for a hearing on shortened notice. The Debtor simply states in conclusory fashion that it may "lose" the sale if the Sale Motion is not heard on an expedited basis. The Debtor's assertion is baseless because the Proposed Purchaser commenced the Mississippi Action on June 15, 2026 seeking specific performance under the Purchase and Sale Agreement, and the Proposed Purchaser could not have reasonably believed that it could obtain specific performance on such an expedited basis. Cleary, the Proposed Purchaser knew that it would take significantly longer than a few weeks to possibly obtain a judgment for specific performance in the Mississippi Action. Hence, the Debtor's contention that it could "lose" the sale to the Proposed Purchaser in the absence of an expedited hearing is not well founded.

36. Fourth, the Debtor concedes that the Purchase and Sale Agreement is an executory

#541661644_v1 527548.00363

contract because the Sale Moton seeks Court approval of the assumption of such agreement.  (Sale Motion at ¶ 35).  However, Bankruptcy Code § 108(b)(2) gives debtors a 60-day statutory extension of a deadline to cure and close on an executory contract, such as a purchase and sale agreement.  This extension further negates the Debtor's argument that an expedited hearing is required to prevent it from "losing" the sale to the Proposed Purchaser.

37.     Fifth, this case should be heard in Mississippi, where the Debtor's Property and tenants are located, where the Mississippi Action is pending, and even where the Proposed Purchaser is located.  *See, e.g., In re Element, DST*, 2026 WL 1335927, at *3-5 (Bankr. D. Del. 2026) (granting a motion to transfer venue because it was a single-asset real estate case where the property sat in another jurisdiction and the opposing party failed to carry its burden to show that any special circumstances weighed against the transfer). The Debtor's filing of its bankruptcy petition in this Court was inappropriate forum-shopping.  Accordingly, a hearing on the Sale Motion should not be heard until the Court has ruled on whether venue of this case should be transferred to the United States Bankruptcy Court for the Southern District of Mississippi.

38.     Accordingly, the Court should reconsider its decision granting the Application for Shortened Notice.  The Secured Noteholder reserves its right to address the merits of the Sale Motion at the Sale Motion hearing, whether it is scheduled before the Court on regular notice or not.

**WHEREFORE**, the Secured Noteholder respectfully requests that the Court enter an order reconsider and vacate its order granting the Application for Shortened Notice and require the Sale Motion to be heard on regular notice.

Dated:  July 15, 2026

Respectfully submitted,

By:     */s/ Vivian M. Arias*_____
         Vivian M. Arias
         Telephone: 212.751.3171
         E-Mail: Vivian.arias@hklaw.com

#541661644_v1 527548.00363

HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019

*Attorneys for Wilmington Trust, National Association as Trustee on Behalf of the Registered Holders of Benchmark 2021-B31 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2021-B31 Certificates and the Uncertificated VRR Interest Holders*

10

#541661644_v1 527548.00363